IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bk. No. 03-83321 |
| MICHAEL H. TOLLIVER and | ) | Adv. No. 04-08005 |
| JOANN D. KEE, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | 8:07CV6 |
| LIMITED FILL, Corp., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MICHAEL H. TOLLIVER, and JOANN D. KEE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the debtors' pro se appeal of an order of the bankruptcy court dismissing the adversary proceeding pursuant to a settlement agreement, Filing No. 1, Appeal of Bankruptcy Court ("Bk.") Order dated November 30, 2006, Bankruptcy ("Bk.") Filing No. 256, and on appellant debtors' motion for a stay of all proceedings in the United States Bankruptcy Court in the referenced adversary proceeding, Filing No. 6. The matter has been fully briefed. Filing Nos. 11, 14, and 15.

The bankruptcy court's dismissal was based on its earlier finding on July 18, 2006, that Limited Fill Corp. and the debtors had entered into a settlement agreement. Bk. Filing No. 234. The court found as follows:

> I find that the debtors did agree to the terms of the settlement. They agreed that they would receive nothing from the distributions from the bankruptcy estate and that anything that could have been available to them would go to the plaintiff. In consideration of that agreement, the plaintiff and Mr. Citta, on behalf of his entities, agreed to dismiss all lawsuits in both federal and state court, including a dismissal of this adversary proceeding.

> They also agreed that they would provide releases to everyone involved and would receive releases from everyone involved. They agreed that Mr. Young, although estimating that there would be only about $30,000 available from the trustee, could put into the settlement document the number "$350,000.00." That amount was to be used simply to make certain everyone understood that no matter what the dollars available from the trustee eventually turned out to be, the debtors would receive none of it. The written document was submitted to the debtors and they refused to sign it. They claim they have no agreement.
>
> I find that they do have an agreement, that it was an oral agreement that has been memorialized by the document prepared by Mr. Young and submitted as part of the record made on June 19, 2006.

*Id.* at 2.

The bankruptcy record shows that the pro se debtors attempted an interlocutory appeal of the order with the Bankruptcy Appellate Panel. Bk. Filing No. 238. Noting that the debtors had not objected to the court's order of July 18, 2006, the bankruptcy court ordered that the settlement agreement would be enforced and ordered the parties to abide by the agreement. Bk. Filing No. 245. The Bankruptcy Appellate Panel denied leave to file an interlocutory appeal. Bk. Filing No. 246. The debtors moved to reconsider. Bk. Filing No. 247. That motion was denied. Filing No. 254. The debtors appealed the order to this court on December 8, 2006. On January 17, 2007, the debtors filed a motion to reconsider the bankruptcy court's order of January 8, 2007, Bk. Filing No. 264, which granted Limited Fill's motion for an order to comply with judgment. Bk. Filing No. 265. The bankruptcy court reconsidered the motion, allowing the debtors to object, but again ruled that the trustee pay the funds at issue to the parties as provided in the settlement agreement. Bk. Filing No. 271.

On appeal, the debtors assert error in the bankruptcy court's failure to hold hearings on various motion and challenges the bankruptcy court's factual finding that they entered into the settlement.

The district court sits as an appellate court when an appeal is taken from the bankruptcy court. *See* 28 U.S.C. §1334. The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. Fed. R. Bankr. P. 8013. The district court reviews a bankruptcy court's determinations of fact for clear error and its legal conclusions *de novo*. *In re Markmueller,* 51 F.3d 775, 776 (8th Cir. 1995). A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or the reviewing court is left with the definite and firm conviction that a mistake has been made. *See Johnson v. Arkansas State Police,* 10 F.3d 547, 552 (8th Cir. 1993). The district court particularly defers to the bankruptcy court's assessment of witnesses' credibility and the sufficiency of the evidence. *In re Fors,* 259 B.R. 131, 136 (B.A.P. 8th Cir. 2001).

Basic principles of contract formation govern the existence and formation of a contract. *Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1221 (8th Cir. 2006). The law of the state where the bankruptcy court sits governs this determination. *In re MJK Clearing, Inc.,* 371 F.3d 397, 401 (8th Cir. 2004). Under Nebraska law the existence of a contract is a question of fact. *Kaiser v. Millard Lumber,* 587 N.W.2d 875, 880 (Neb. 1999). Review of a court's finding that a settlement agreement existed is for clear error. *Chaganti,* 470 F.3d at 1221. A binding mutual understanding or meeting of the minds sufficient to establish a contract requires no precise formality or express utterance from the parties themselves as to all of the details of the proposed agreement; it may be implied

3

from the conduct and the surrounding circumstances. *Tilt-Up Concrete, Inc. v. Star City/Federal, Inc.,* 582 N.W.2d 604, 610 (Neb. 1998).

The evidence presented to the bankruptcy court shows that Michael Tolliver and Joann Kee agreed to the settlement on the record at his deposition. *See* Filing No. 14, Appellant's Brief, Attached Ex. A, Dep. of Michael Tolliver at 2-3. The court has reviewed the evidence and the parties' submissions and finds no clear error by the bankruptcy court. The debtors' contentions are without merit. Resolution of the appeal renders the debtors' motion for a stay moot. Accordingly,

IT IS ORDERED:

1. The order of United States Bankruptcy Court, Bk. Filing No. 456 in BK 03-83321, Adv. 04-08005, is affirmed;

2. Appellants motion for a stay (Filing No. 6) is denied as moot;

3. The debtor's appeal is hereby dismissed.

DATED this 3rd day of April, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge